BEN JOHNSON *v.* CINCINNATI GAS AND ELECTRIC CO.

1. The servant does not assume the risk of negligence on the part of the matter, but only those risks which inhere in the employment as conducted with ordinary care by the master.
2. The master must not, without good cause, place his servant in a place of danger; and he also owes the duties of employing competent servants, providing machinery and tools sufficient for the work to be done, and employing a sufficient number of servants for a given work according to the ordinary conditions of the business.
3. Negligence of the master towards a servant may be predicated upon his failure to provide a sufficient number of men for a given work as well as for a failure to provide suitable machinery and tools; and where a servant is overstrained and ruptured by being called upon to undertake more than his fair and reasonable amount of work, the result is properly

chargeable to the master's negligence in failing to furnish a sufficient number of men to perform the work.

4. Where four servants were called upon by the master to lift and readjust a heavy spar used in holding barges apart, which operation was usually performed by eight or ten men, and one of them was ruptured as a consequence of being required to lift more than his fair and reasonable amount, the master is liable therefor, as the danger of such an injury was not obvious to the servant, and the risk of the injury was not, in such case, assumed.

5. Whether or not the act of the master in ordering four men to perform a certain job of work, which usually required and was performed by eight or ten, was a reasonable one, is a question for the jury under all the circumstances; and if found to be unreasonable, it is no defense for the master to say that the immediate cause of the injury to one of the servants, who was strained and ruptured, was the negligence of his fellow-servants in the execution of the work. The rule of "fellow-servants" has no application in such a case.

HOSEA, J.

Motion to direct verdict.

The facts shown are, in brief, that plaintiff, a coal shoveler on the river barges of defendant, with three others, was ordered by the foreman to lift and re-adjust a very heavy spar used in holding barges apart. The operation was usually performed by eight or ten men; but on this occasion the working force was reduced to five, one of whom was required in another position, leaving only four to do the lifting, under the direction of the foreman, who asked the man to "help him out" by extra efforts in view of the limited force present. The lifting and adjustment of the spar was accomplished; but in the effort, the plaintiff suffered a rupture. It was shown on cross-examination that, during the operation while the spar was being held up, one of the men was obliged to shift his position from one side of plaintiff to the other, temporarily releasing his hold upon the spear, thus bringing an unexpected load upon plaintiff which caused the injury.

The negligence of defendant alleged was the insufficiency of men employed in the work. The rule is unquestionable

that the servant assumes all the risks incident to the employment; but by this is meant only those risks that may inhere in the employment as conducted with ordinary care by the master. The servant does not assume the risk of negligence on the part of the master. *Railway* v. *Henderson,* 37 Ohio St., 549; *Van Duzen Gas & Gas Eng. Co.* v. *Schelies,* 61 Ohio St., 298, 307.

The duty of the master is equally well established, he must not needlessly place a servant in place of danger; he must employ competent servants; he must provide machinery and tools suitable and efficient for the work to be done. He must also employ a sufficient number for a given work according to the ordinary conditions of the business, etc. Shearman & Redfield, Negligence, par. 193; Thompson, Negligence, 3807, 4768.

To provide a sufficiency of men for a given work is necessary for the same reason as to provide suitable machinery and tools; and negligence can be predicated of one as well as of the other. If the machine is unequal to a given work, or the number of men insufficient, in either case, the machine or the man is driven beyond the ordinary requirement and normal capacity. If, by being overburdened, the machine breaks and injures an operator, or the man is overstrained by being called upon to undertake more than his fair and reasonable amount of work, both results are due to the master's negligence in not furnishing that which his duty required him to furnish. Shearman & Redfield, Neglingence, par. 193; *Lake Shore & M. S. Ry.* v. *Lavalley,* 36 Ohio St., 221.

The order to the four men to shift the heavy spar, coupled with the appeal to help out, presented an unusual condition. The danger of a personal injury of the character here in question was not obvious. In ordinary labor of this sort, where a sufficient number are employed, each man is only moderately taxed within the reasonable limits of his physical capacity. He still has a factor of safety—a residue of force available to meet a sudden extra demand. But where, as in this case, each man is taxed to his utmost limit by the ordinary demand of the work, an extra draft upon

his power can not be met and the human machine must give way.

Such a risk was not an obvious one to an ordinary laborer. His experience doubtless taught him the increased danger to be apprehended from an accidental slip of the spar from its fastenings or supports; and those risks, being obvious and known to him, he must be held to have assumed. The risk of overstraining himself in the effort to prevent disaster from those above indicated, was, however, not suggested to him by his former experience.

Under these circumstances, I think it may be fairly said that the order of the master,—through the superior servant, the foreman,—was an assurance that it was not considered by the master a risk which a prudent person should refuse to undertake; and that the servant had a right to rely on that judgment; and, so relying, is to be acquitted of the imputation of contributory negligence. Shearman & Redfield, Negligence, par. 186, and cases cited.

Whether the act of the master in giving the order was a reasonable one, in view of the previous custom as to numbers employed in this work, is a question for the jury under all the circumstances. *Railway* v. *Henderson, supra,* 553.

If unreasonable, and, by the execution of such order, the servant was injured, it is no answer for the defendant to say that the immediate cause of the injury was the negligence of the fellow-servant of such injured party in the execution of the unreasonable order. The rule of fellow servant has no application in such a case. *Railway* v. *Henderson, supra,* 553; *Berea Stone Co.* v. *Kraft,* 31 Ohio St., 287.

The case of *Scanlon* v. *Railway,* 24 O. C. C., 256, cited as a "bottle case" to the contrary of these views, has no application. It will be found, on closer inspection, that the work of lifting the heavy frog was being done by the force usually employed for that purpose; and, as found by the court, by as many as could be employed. Also, that there was no negligence on the part of the company, but the primary and sole cause was the carelessness of the men and the negligence of a fellow servant combined.

While the principles here stated are in some respects new, they are nevertheless fairly within the scope of, and are a legitimate deduction from, the authorities given; and particularly the clearly expressed opinion of Judge Minshall in *Van Duzen Gas & Gas. Eng. Co.* v. *Schelies, supra,* pages 307 to 310 inclusive.

Motion overruled.

*F. T. Cahill,* for plaintiff.
*G. H. Warrington,* for defendant.